ANDERSON, Circuit Judge,
concurring:
I join Judge Jill Pryor’s opinion for the court in its entirety. I write' separately only to emphasize one point already made in the opinión.' Plaintiffs seem' to suggest, as a less restrictive means, that a religious employer be allowed to opt out without notifying anyone — without requiring even the de minimis notice to Health and Human Services (“HHS”) pursuant to the most recent alternative notice provided for in the Regulations. However, the necessary consequence of such an automatic *1169 opt-out would be the imposition of plaintiffs’ religious beliefs on- their female employees. In other words, if HHS were not able to identify which employers have opted out, the employees of such" employers would not receive contraceptive coverage, at least until they happened to sua spont'e discover that their employer had opted out, and until such employees happened to sua sponte discover their statutory entitlement. Only then would such employees be in position to notify HHS, and begin their coverage. Such an automatically exempted employer — notifying no one of its decision to opt out — would at least temporarily impose its own religious beliefs on its employees and deprive them of the coverage to which they are entitled under the- statute and regulations'. RFRA does not require that construction of the law. Rather, the Supreme Court in Hobby Lobby recognized that “RFRA took the position that ‘the compelling interest test as set forth in prior Federal rulings is a workable test for striking sensible balances between religious liberty and competing prior governmental interests .’’ Burwell v. Hobby Lobby Stores, Inc., 537 U.S. -, -, 134 S.Ct. 2751, 2785, 189 L.Ed.2d 675 (2014)(quoting from the express RFRA provision cited and quoted below). See also Cutter v. Wilkinson, 544 U.S. 709, 7020, 125 S.Ct. 2113, 2121, 161 L.Ed.2d 1020 (2005)(“Properly applying RLUIPA, courts must take adequate account of the burdens a requested accommodation may impose on nonbeneficiaries”); id. at 722, 125 S.Ct. at 2122-23 (“Our decisions indicate that an accommodation must be measured so that it does not override other significant interests .... We have no cause to believe that RLUIPA would not be applied in an appropriately balanced way.”). Indeed, RFRA contains an express provision which incorporates the prior Federal case law contemplating a “sensible balance” between religious liberty and competing governmental interests. See 42 U.S.C. § 2000bb(a)(5) (“the compelling interest test as set forth in prior Federal court rulings is a workable test for striking sensible balances between religious liberty and competing prior governmental .interests.”) Plaintiffs’ position — and its necessary consequence of the imposition of plaintiffs’ religious views on others — clearly does mot strike a “sensible balance” between religious liberty and the government’s compelling interests in this case. See Hobby Lobby, 537 U.S. at -, 134 S.Ct. at 2786-87 (Kennedy, J., concurring) (“[N]o person may be restricted or demeaned by government in exercising his or her religion. Yet neither may that same exercise unduly restrict other persons, such as employees, in protecting their own interests, interests the law deems compelling.”).